Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

PROVIDED TO FRANKLIN CI
FOR MAILING ON

4 / 1 / 21 *KG*

INMATE INITIALS *MAJ*

# UNITED STATES DISTRICT COURT

for the

*NORTHERN* District of *FLORIDA*

*TALLAHASSEE* Division

Case No. *4:21CV153 MW MJF*

*(to be filled in by the Clerk's Office)*

Mujaahid Abd ul Jabbaar

_____
Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

Secretary Mark Inch et. al

_____
Defendant(s)
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

## (Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

FILED USDC FLND TL
APR 5 '21 PM 2:05

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name                        Mujaahid Abd ul Jabbaar

All other names by which

you have been known:        Abu Juwaireeyah; ibn Dana

ID Number                   M92135

Current Institution         Franklin Correctional Institution

Address                     1760 Highway 67 NORTH

CARRABELLE,        FL        32322

City            State            Zip Code

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
    Name                    Mark Inch
    Job or Title *(if known)*  Secretary
    Shield Number
    Employer                Department of Corrections
    Address                 501 S. Calhoun St

Tallahassee           Florida

City            State            Zip Code

☑ Individual capacity       ☑ Official capacity

Defendant No. 2
    Name                    Captain   Hunter
    Job or Title *(if known)*  Captain
    Shield Number
    Employer                Franklin C. I
    Address                 1760 Highway 67 N.

Carrabelle        Florida    32322

City            State            Zip Code

☑ Individual capacity       ☐ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name
    Job or Title *(if known)*
    Shield Number
    Employer
    Address

|  | City | State | Zip Code |
|--|------|-------|----------|

☐ Individual capacity    ☐ Official capacity

Defendant No. 4
    Name
    Job or Title *(if known)*
    Shield Number
    Employer
    Address

|  | City | State | Zip Code |
|--|------|-------|----------|

☐ Individual capacity    ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983.  If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

RLUIPA and the First Amendment's right to the United States Constitution's provision to the free exercise of movant's religious beliefs.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?    no.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

---

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed. On September 23, 2020, Cpt. Hunter was acting under the color of F.A.C. 33-602.101 when he substantially burdened my constitutional First Amendment right to exercise and adhere to my sincerely held belief to grow and maintain a beard in accordance with the dictates of Islam. Captain Hunter was standing in front of D-Dorm. I was coming out of the chow hall and Cpt. Hunter flagged me to go to the (See p. 12)

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐  Pretrial detainee
- ☐  Civilly committed detainee
- ☐  Immigration detainee
- ☑  Convicted and sentenced state prisoner
- ☐  Convicted and sentenced federal prisoner
- ☐  Other *(explain)*

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose. At Franklin C.I.
D-Dorm Barber shop. Inside the barbershop.
On September 23, 2020 around 11:30 a.m.

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose. At Franklin C.I.
Inside D-Dorm Barbershop
On September 23, 2020 around 11:30 a.m.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.    What date and approximate time did the events giving rise to your claim(s) occur?

September 23, 2020

11:30 a.m.

_____

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

I am a Muslim inmate housed at Franklin C.I. in Carrabelle, FL. One tenet of my religion (deen) is that I must grow and maintain a minimum of four inches or the amount equivalent to a fist-length beard and keep my moustache trimmed. However on the above-noted date this tenet of my religion was violated. I was forced to shave my beard off or be placed in confinement for not doing so. Captain Hunter directed the Barber to shave me clean - to match my haircut. Sgt. Morgan told me (see p.12)

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

1. Trial by jury

2. For Cpt. Hunter to be punished according to F.A.C. 33-208.003 Range of Disciplinary Actions (24), Willful Violation of Rules, Procedures, Post Orders, Regulations, Directives or Policy Statements, for violating the clearly established law that an inmate may grow his beard to 1/2 inch in length and to order mandatory sensitivity training to all FDOC personell at Franklin C.I.

3. For FDOC to change its grooming policy to accommodate Muslims by allowing us (see p.12)

**VII.   Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Franklin Correctional Institution

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

*Franklin Correctional Institution*

2.    What did you claim in your grievance?

That on 9-23-2020 I was forced to shave my beard down by Captain Hunter and Sgt. Morgan. That this action violated my religion because Islam requires its adherents to grow a fist length beard. That the barber was instructed by Captain Hunter to shave my beard down to the length of my haircut, which at the time was ⅛ of an inch.

3.    What was the result, if any?

My informal formal grievance were both denied reference #113-2010-0029
          #2010-113-045

My Administrative Appeal was dated 11/3/2020 and received 11/12/2020    Reference # 20-6-38717

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

I appealed the Warden's decision to the Office of the Secretary. The grievance process is completed. I sought assistance of my Classification Officer during a personal visit and also in writing. I also sought the assistance of Captain Brown and Asst. Warden Clack.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here:

        N/A

---

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

        N/A

---

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. I contacted Islamic Scholar and requested that he contact the Chaplain (Burch) and provide him with information pertaining to the Beard in Islam. I provided staff (i.e. Leiutenant Antil) with relevant case law on 3/20/2021.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)   N/A

Defendant(s)   N/A

2.   Court *(if federal court, name the district; if state court, name the county and State)*

N/A

3.   Docket or index number

N/A

4.   Name of Judge assigned to your case

N/A

5.   Approximate date of filing lawsuit

N/A

6.   Is the case still pending?

☐ Yes         N/A

☐ No

If no, give the approximate date of disposition. _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

N/A

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?   N/A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☐ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)                   N/A

Defendant(s)

2.    Court *(if federal court, name the district; if state court, name the county and State)*

N/A

3.    Docket or index number          N/A

4.    Name of Judge assigned to your case    N/A

5.    Approximate date of filing lawsuit    N/A

6.    Is the case still pending?

☐ Yes          N/A

☐ No

If no, give the approximate date of disposition

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

N/A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

IX.    **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.    **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    *April 1, 2021*

Signature of Plaintiff    *Mujaahid Abd ul Jabbaar*
Printed Name of Plaintiff    *Mujaahid Abd ul Jabbaar*
Prison Identification #    *M92135*
Prison Address    *1760 Highway 67 North*
    *Carrabelle*        *FL*        *32322*
        City        State        Zip Code

B.    **For Attorneys**

Date of signing:    _____

Signature of Attorney    _____
Printed Name of Attorney    _____
Bar Number    _____
Name of Law Firm    _____
Address    _____
        City        State        Zip Code

Telephone Number    _____
E-mail Address    _____

II.    d. barbershop to shave my beard. Cpt. Hunter came inside of the barbershop
cont. f/p.3/ and gave instructions to inmate barber Ezequiel Ortega-Gomez
        DC# X96919 for him to cut my beard down so as to match my
        haircut, Which at that time, my haircut was about 1/8 inch in length,
        While he stood and watched.

IV.    d. that I looked presentable with my beard shaven all the way down, as if it did not
        matter whether or not Allah would be displeased While looking at me.

        to grow a fist-length beard in accordance with our Religious obligation.

VI.    4. Order FDOC to reimburse Plaintiff for all costs imposed from the
cont. f/p.5/ duration of these proceedings.
        Additionally, Order FDOC to be responsible for awarding Plaintiff,
        5. $75,000 in punitive damages
            $ 5,000 in nominal damages
            $ 75,000 in compensatory damages

# EXHIBIT

# A

# DC6-236 INFORMAL GRIEVANCE

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

08D INMATE COPY

| Mail Number: | _____ |
| Team Number: | _____ |
| Institution: | F.C.I. |

| TO: (Check One) | ☑ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☐ Medical<br>☐ Mental Health | ☐ Dental<br>☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name<br>Mujaahid Abdul Jabbaar | DC Number<br>M92185 | Quarters<br>E1-146S | Job Assignment<br>Houseman/SA | Date<br>10-3-20 |
|---|---|---|---|---|---|

**REQUEST**                                        Check here if this is an informal grievance ☑

First, I am calling for the video cameras around Δ dorm and inside of the barbershop to be preserved as evidence for disposition of this grievance & for any future court proceedings. On September 23, 2020 Sgt. Morgan & Cpt. Hunter were following the directives given to them by Warden Conner & Colonel Rummel, which was to shave those inmates whose beards had exceeded a 1/2 inch in length. Echo dorm was let out for chow around 11:30 a.m. After eating, we began exiting the chow hall approx. 10 minutes before noon which is when I was flagged by Cpt. Hunter & ordered by him to have the barber shave my beard down to the length of my haircut. However, at the time my haircut was less than 1/8 of an inch. Islam requires its male adherents to grow a full length beard. Therefore by ordering me to have my beard shaven down to the length of my 1/8 inch haircut violates Chpt. 33-602.101 & Holt v. Hobbs, 574 U.S. 352 (2015)

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

| Inmate (Signature): Mujaahid Abdul Jabbaar | DC#: M92185 |
|---|---|

Security  10/9                                        RECEIVED

—————————— DO NOT WRITE BELOW THIS LINE ——————————

**RESPONSE**  113-2010-0029        DATE RECEIVED:        OCT 06 2020
ASST. WARDEN PROGRAMS
FRANKLIN CI

All Inmates will be in compliance with current grooming policies, which is 1/2" in length.

RETURNED TO
INMATE ON

OCT 08 2020

[The following pertains to informal grievances only:
Based on the above information, your grievance is **Denied**. (Returned, Denied or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): K. Brannan | Official (Signature): | Date: 10-8-20 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

Department officials consistently abuse their governmental authority by forcing me to clean shave. Earlier this year I was forced by Sgt. Conner & Ofc. Howard to cut my beard bald. I filed an informal grievance as a result of this incident, however, I discontinued with the grievance process as Ofc. Howard apologized to me for the incident.

## REMEDY

I simply want to practice my religion in the way that Allah commands. I am also requesting for the DOC to change its beard policy so that inmates are allowed to grow a fist length beard in accordance with their religious beliefs. I am also requesting for Warden Conner, Cpt. Hunter & Sgt. Morgan to be disciplined accordingly & to undergo religious sensitivity training or retraining. Further, that they be required to read the relevant case law in regards to Muslims & the established right to grow a fist length beard for religious purposes. See Shabazz v. Morales, 2019 U.S. Dist. Lexis 166220 (M.D. Fla. Sept. 27 2019); Sims v. Inch, 2019 U.S. Dist. Lexis 165265 (N.D. Fla. Aug 23, 2019). I am also requesting $50,000 in punitive damages & to be reimbursed for any future legal fees & costs associated with the litigation of this grievance.

# EXHIBIT

# B

# DCI-303 FORMAL GRIEVANCE FORM

08D

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**                2010-113-045

TO: ☑ Warden     ☐ Assistant Warden     ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Abd ul Jabbaar, Mujaahid | | M92135 | Franklin C.I. |
|---|---|---|---|
| Last | First   Middle Initial | DC Number | Institution |

Ref: Inf. Grievance 113-2010-0029                Part A – Inmate Grievance

First, I am calling for the video cameras around D dorm and inside of the barbershop to be preserved as evidence for the disposition of this grievance & for any further court proceedings. On September 23, 2020 Sgt. Morgan & Cpt. Hunter were following the directives given to them by Warden Conner & Colonel Rummel, which was to shave those inmates whose beards had exceeded a ⅛ inch in length. Echo dorm was let out for Chow which is when I was flagged by Cpt. Hunter & ordered by him to have the barber shave my beard down to the length of my haircut. However, at the time my haircut was less than ⅛ of an inch. Islam requires its male adherents to grow a full length beard, once it exceeds a fist-full in length we are allowed to cut the excess. Therefore by ordering me to have my beard shaven down to the length of my ⅛ an inch haircut amounts to an abuse of discretion and violates Chpt. 33-602.101 & Holt v. Hobbs, 579 U.S. 352 (2015). Department officials consistently abuse their governmental authority by forcing me to clean shave. In fact, earlier this year I was forced to cut my beard bald by Sgt. Conner & Ofc. Howard or be sent to confinement for failure to follow a verbal command. I filed an informal grievance as a result of this incident, however, I discontinued with the grievance process as Ofc. Howard apologized to me for this incident.

                              Remedy

I simply want to practice my Religion in the way that Allah commands without unnecessary governmental intervention. I am also requesting for the DOC to change its beard policy so that inmates are allowed to minimally grow a fist length beard in accordance with their religious beliefs. I am also requesting for Warden Conner, Colonel Rummel, Captain Hunter & Sgt. Morgan to be disciplined accordingly & to undergo religious sensitivity training or retraining. Further, that they be required to read the relevant case law in regards to Muslims & the established right to grow a fist length beard for religious purposes. See Shabazz v. Morales, 2019 U.S. Dist. Lexis 146220 (M.D. Fla. Sept 27 2019); Sims v. Inch, 2019 U.S. Dist. Lexis 155265 (N.D. Fla. Aug 23, 2019). I am also requesting $50,000.00 in punitive damages & to be reimbursed for any future legal fees & costs associated with the litigation of this grievance.

October 21, 2020                                    Mujaahid Abd ul Jabbaar M92135
Security          DATE   10/27                    SIGNATURE OF GRIEVANT AND D.C. #

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

                                        #  /
                                        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

OCT 22 2020          Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on:                    Institutional Mailing Log #: _____
ASST. WARDEN PROGRAMS
FRANKLIN CI

                                                          (Received By)

DISTRIBUTION:    INSTITUTION/FACILITY          CENTRAL OFFICE
                 INMATE (2 Copies)             INMATE
                 INMATE'S FILE                 INMATE'S FILE - INSTITUTION./FACILITY
                 INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                               CENTRAL OFFICE GRIEVANCE FILE
DC1-303 (Effective 11/13)        Incorporated by Reference in Rule 33-103.006, F.A.C.

# EXHIBIT

# C

# FORMAL ADMINISTRATIVE GRIEVANCE INSTITUTIONAL RESPONSE

ORIGINAL
COPY


**PART B - RESPONSE**

| ABDUL, JABBAAR | M92135 | 2010-113-045 | FRANKLIN C.I. | C1134S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative remedy or appeal has been received, reviewed and evaluated.

The answer you received for informal grievance # 113-2010-0029 was enough to satisfy your needs.

Based on this information, your grievance is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required by paragraphs 33-103.007(3)(a) and (b), F.A.C., and forwarding your complaint to the Bureau of Policy Management and Inmate Appeals, 501 South Calhoun Street, Tallahassee, Florida 32399-2500.      Warden R. Conner

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 10-22-20 DATE |
|---|---|---|

RETURNED TO
INMATE ON

OCT 26 2020

# EXHIBIT

# D

# DCI-303 FORMAL GRIEVANCE TO FDOC

**FLORIDA DEPARTMENT OF CORRECTIONS**
**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ Third Party Grievance Alleging Sexual Abuse

RECEIVED
NOV 2020
Department of Corrections
Inmate Grievance
Appeals

TO: ☐ Warden    ☐ Assistant Warden    ☑ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

Abdul Jabbaar, Mujaahid          M92135
Last    First    Middle/Initial          DC Number

Part A – Inmate Grievance          2010-38717

For Admin. Remedy

This Administrative Appeal is in regards to the answer that I received for informal grievance # 113-2010-0029 and formal grievance # 2010-113-045. As with other departmental policies I believe the current grooming policies can and should be adjusted especially when a particular person's religion or creed stipulates or either determines otherwise and that the State should be kept away or either strictly limited from curbing to what extent a person decides to adhere as long as it doesn't interfere with other governmental interests. I simply want to practice my Religion in the way that Allah commands without unnecessary governmental intervention. I am also requesting for the Department of Corrections to change its beard policy so that inmates are allowed to minimally grow a fist length beard in accordance with their religious beliefs. I am also requesting for Warden Conner, Colonel Rummel, Captain Hunter & Sergeant Morgan to be disciplined accordingly, & to undergo religious sensitivity training or retraining. Further, that they be required to read the relevant case law in regards to Muslims & the established right to grow a fist length beard for religious purposes. See Shabazz v. Morales 2019 U.S. Dist. Lexis 166220 (M.D. Fla. Sept. 27, 2019); Sims v. Inch, 2019 U.S. Dist. Lexis 155265 (N.D. Fla. Aug. 23, 2019). I am also requesting $50,000.00 in punitive damages & to be reimbursed for any future legal fees & costs associated with the litigation of this grievance.

November 3, 2020
DATE

Mujaahid Abdul Jabbaar DC#M92135
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

_____ / _____
#        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely effected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Submitted by the inmate on: 11/09/20
(Date)

Receipt for Appeals Being Forwarded to Central Office

Institutional Mailing Log #: _____          2010-113-045

_____
(Received By)

DISTRIBUTION:    INSTITUTION/FACILITY          CENTRAL OFFICE
                 INMATE (2 Copies)             INMATE
                 INMATE'S FILE                 INMATE'S FILE - INSTITUTION/FACILITY
                 INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                               CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)          Incorporated by Reference in Rule 33-103.006, F.A.C.

6h(113)

# EXHIBIT

# E

# FORMAL ADMINISTRATIVE GRIEVANCE RESPONSE FDOC TALLAHASSEE

MAILED/FILED
WITH AGENCY CLERK

NOV 18 2020

Department of Corrections
Inmate Grievance Appeals

**PART B - RESPONSE**

| ABDUL, JABBAAR | M92135 | 20-6-38717 | FRANKLIN C.I. | H1159S |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

Your administrative appeal is denied.

C. Neel

| _____ | *C. Neel* | 11/13/2020 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

Mujaahid Abd ul Jabbaar  DC#M92135
Franklin C.I.
1760 Highway 67 North
Carrabelle, Fla. 32322



MAILED FROM A STATE
CORRECTIONAL INSTITUTION

United States District Court
For The Northern District
Of Florida

111 N. Adams St., Suite #322

Tallahassee, Fla. 32301-7730

APR - 5 2021

MAIL