IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JABBAAR M. ABDUL,
A/K/A MUJAAHID ABDUL JABBAAR

    Plaintiff,

v.                                              Case No.: 4:21-cv-153-MW-MJF

MARK S. INCH, et al.

    Defendants.
_____/

## DEFENDANTS' MOTION TO STAY

Defendants Inch and Hunter ("Defendants"), through undersigned counsel, hereby move this Court to stay this case pending the outcome of a case currently ripe for review before the United States Circuit Court for the Eleventh Circuit and states that good cause exists for the Court to grant this motion:

1. Plaintiff, a *pro se* prisoner in the custody of the Florida Department of Corrections (hereinafter "FDOC"), has filed a 42 U.S.C. § 1983 civil rights complaint. (Doc. 1) In his Complaint, Plaintiff alleges that on September 23, 2020 at Franklin Correctional Institution, that Defendant Hunter forced Plaintiff to shave his beard shorter than the ½ inch allowance of the Department's rules. (Doc. 1 at 5, 12) Plaintiff also

1

alleges that the Department's beard length rule (Rule 33-602.101(4), Florida Administrative Code) violates the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").

2. Counsel for Defendants has appeared and is in the process of investigating Plaintiff's claims to draft a Motion to Dismiss, which is due by August 13, 2021 following service on Defendants, as well as a response to Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction (Doc. 3).

3. In investigating Plaintiff's case, undersigned has determined that Defendant Inch has a potential argument to raise that Plaintiff failed to exhaust his available administrative remedies via a Petition to Initiate Rule-Making as to the challenged provision. This Court has previously held that the defense of failure to exhaust must be raised in the first motion to dismiss or it is waived.

4. Currently, the question of whether an inmate is required to file a Petition to Initiate Rule-Making in order to exhaust available administrative remedies is before the Eleventh Circuit for review in the case of <u>Durell Sims v. Mark Inch, Secretary of the Fla. Dep't of Corr.</u>, No. 19-13745. As of this date, briefing and oral argument on the issue has completed before the Eleventh Circuit which is on appeal from Northern District of Florida, Tallahassee Division case no. 4:16-cv-49-RH-

CAS. The case before the Eleventh Circuit is ripe for an opinion any day.

6. Defendants respectfully request that this case be stayed pending the resolution of <u>Sims</u> as a determination in that case will be dispositive of the arguments to be raised by Defendant Inch in the present action.

**MEMORANDUM OF LAW**

In general, district courts have "broad discretion in deciding how best to manage the cases before them." See <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1366 (11th Cir. 1997). In particular, this "Court has broad discretion to stay proceedings as an incident to its power to control its own docket." See <u>Clinton v. Jones</u>, 520 U.S. 681, 706-07 (1997) (citing <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936).

This Court should consider exercising its power to control its docket by staying these proceedings pending the outcome of <u>Sims v. Inch</u> as to the question of exhaustion of administrative remedies because it may resolve this action, and because it will be determinative of the arguments available to Defendant Inch at the current motion to dismiss stage.

This question is the sole issue on appeal before the Eleventh Circuit in <u>Sims</u>, therefore the Eleventh Circuit will very likely provide an opinion on the issue that

will be instructive as to whether Defendant Inch is entitled to raise this exhaustion defense.

**WHEREFORE**, based on the foregoing facts and legal authority, the Defendants move this Court for an order staying the filing of a response to Plaintiff's Complaint and Motion for thirty days following the issuance of the mandate in Sims v. Inch, 11th Cir. Case no. 19-13745. Alternatively, Defendants request an extension of time of twenty-one days following an order on this Motion in which to file their responses to the Complaint and Motion.

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**

/s/ Kristen J. Lonergan
Kristen J. Lonergan
Assistant Attorney General
Florida Bar No.:   125556
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
kristen.lonergan@myfloridalegal.com

## CERTIFICATE OF WORD COUNT

I HEREBY CERTIFY that in accordance with Northern District of Florida local rule 56.1(D), the total word count for this motion and memorandum is 788 words.

/s/ Kristen J. Lonergan
Kristen J. Lonergan

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing has been furnished U.S. mail to: Jabbaar Abdul, DC#M92135, Franklin Correctional Institution, 1760 Highway 67 North, Carrabelle, Florida 32322, on August 13, 2021.

/s/ Kristen J. Lonergan
Kristen J. Lonergan