UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JABBAAR M. ABDUL,
A/K/A MUJAAHID ABDUL JABBAAR,

    Plaintiff,

v.                                            Case No.  4:21-cv-153-MW/MJF

MARK INCH, *et al.*,

    Defendants.
_____/

## ORDER

    Plaintiff is a prisoner in the Florida Department of Corrections ("FDC"). Plaintiff initiated this case on April 5, 2021, by filing a *pro se* complaint against two Defendants: Mark Inch, the Secretary of the FDC, in his individual and official capacities; and Captain Hunter, a prison official at Franklin Correctional Institution, in his individual capacity. (Doc. 1). Plaintiff claims that on September 23, 2020, Defendant Hunter forced him to shave his beard to 1/8 inch, in violation of the FDC's grooming policy, his First Amendment rights, and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). Plaintiff also claims that the FDC's grooming policy, Fla. Admin. Code r. 33-602.101(4), violates his rights under the First Amendment and the RLUIPA. As relief, Plaintiff seeks damages and

injunctive relief. Plaintiff's complaint was accompanied by a motion for a temporary restraining order and a preliminary injunction. (Doc. 3).

Defendant Hunter was served with process on June 14, 2021, and Defendant Inch was served with process on June 17, 2021. (Docs. 11, 12). On August 13, 2021, Defendants moved to stay this case pending a ruling by the United States Court of Appeals for the Eleventh Circuit on review of *Sims v. Inch*, 400 F. Supp. 3d 1272 (N.D. Fla. 2019), *appealed docketed*, No. 19-13745 (11th Cir. Sept. 23, 2019). (Doc. 14). Defendants state that there is a "potential argument to raise that Plaintiff failed to exhaust his available administrative remedies via a Petition to Initiate Rule-Making as to the challenged provision," and that the same exhaustion issue is the subject of review in *Sims v. Inch, supra*. (Doc. 14 at 2). Defendants assert that an opinion in *Sims* "is ripe for an opinion any day," because briefing and oral argument have concluded. (*Id*. at 2-3).

On August 17, 2021, the undersigned ordered Plaintiff to respond to the motion to stay, and set a response deadline of September 1, 2021. (Doc. 15). Plaintiff's response deadline was extended to September 21, 2021. (Doc. 17). To date, no response by Plaintiff has been docketed.

Because it appears that the opinion in *Sims v. Inch, supra,* would be pertinent to this case and might provide a meritorious defense based on exhaustion, and

because Plaintiff has not opposed a stay, the Defendants' motion to stay will be granted.

Accordingly, it is **ORDERED** that:

1. Defendants' motion to stay (Doc. 14) is **GRANTED.**

2. All proceedings in this case are **STAYED** pending the Eleventh Circuit's decision on review of *Sims v. Inch*, 400 F. Supp. 3d 1272 (N.D. Fla. 2019), *appealed docketed*, No. 19-13745 (11th Cir. Sept. 23, 2019). This case is removed from the Court's active docket pending further order of this court.

3. Defendants shall file a report concerning the status of the appeal in *Sims v. Inch, supra*, every **THIRTY (30) DAYS** or until an opinion is issued, whichever occurs first.

**SO ORDERED** this 8th day of October, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**