# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

JABBAAR M. ABDUL,

    Plaintiff,

v.                                    Case No. 4:21-cv-153-MW-MJF

MARK INCH, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed a complaint alleging violations of the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc, *et seq.* ("RLUIPA"). Doc. 1. Defendants move to dismiss all of Plaintiff's claims except one: Plaintiff's RLUIPA claim for injunctive relief against the Secretary of the Florida Department of Corrections in his official capacity arising from the FDC's beard-grooming policy. Docs. 59, 69. Because Plaintiff failed to comply with the Local Rules and an order issued by the undersigned, the District Court should grant Defendants' partial motion to dismiss.

## I. Background

### A. <u>Allegations of Plaintiff's Complaint</u>

Plaintiff Jabbaar M. Abdul is a Muslim inmate in the custody of the Florida Department of Corrections ("FDC"). Doc. 1 at 5. A tenet of Abdul's religion requires him to grow and maintain a beard that is at least four inches or fist-length. *Id.*

Abdul filed this lawsuit on April 1, 2021. *Id.* at 1. Abdul is suing two individuals: Mark Inch, the former FDC Secretary; and Captain Hunter, a prison official at the Franklin Correctional Institution. *Id.* at 2. Abdul also is suing the current FDC Secretary Ricky Dixon in his official capacity. *Id.* at 2; *see also* Doc. 68 (Order Substituting Dixon as Def. for Pl.'s Official-Capacity Claims).

#### 1. *The Shaving Incident*

Abdul claims that on September 23, 2020, Hunter ordered the prison barber to shave Abdul's beard to match Abdul's hair length, which was approximately one-eighth of one inch. Doc. 1 at 3-5, 12. Abdul claims that Hunter's conduct violated the FDC's grooming policy, Fla. Admin. Code r. 33-602.101(4), which allows inmates to maintain a beard no

longer than one-half of one inch. Doc. 1 at 3-5, 12. Abdul also claims that Hunter's conduct violated Abdul's rights under the First Amendment and RLIUPA. Doc. 1 at 3-5, 12.

Abdul asserts an individual-capacity claim against Inch apparently based on the September 2020 shaving incident. Doc. 1 at 2. Abdul's complaint, though, fails to allege any facts associating Inch with Hunter's conduct. Abdul merely notes that Inch was the FDC Secretary at the time. *Id.* at 2. Inch, however, did not create the FDC's grooming policy and it existed prior to the commencement of his tenure as FDC Secretary. *See* Fla. Admin. Code r. 33-602.101 (2018).

### 2.   *The FDC's Grooming Policy*

Abdul also claims that the FDC's grooming policy, Fla. Admin. Code r. 33-602.101(4), violates his rights under the First Amendment and RLUIPA because it limits the length of his beard. Doc. 1 at 3-5, 12.

Abdul seeks damages from the FDC (compensatory, punitive and nominal) as well as the following injunctive relief: (1) disciplinary action against Hunter under the Florida Administrative Code for violating FDC

policy; and (2) an order requiring the FDC to change its grooming policy to allow Muslim inmates to grow fist-length beards. Doc. 1 at 5, 12.

## B. Defendants' Motion to Dismiss

Defendants move to dismiss the following claims and requests for relief:

- Abdul's individual-capacity claims against Hunter and Inch, because Abdul's allegations fail to state a plausible claim for relief under the First Amendment or RLUIPA against Defendants in their individual capacities, Doc. 59 at 4-9, Section I.A.-B.;

- Abdul's official-capacity First-Amendment claim against the FDC Secretary, because the FDC's grooming policy does not violate the First Amendment, Doc. 59 at 8, Section I.A.;

- Abdul's request for damages under RLUIPA, because neither individuals nor States are susceptible to private suits for damages under RLUIPA, Doc. 59 at 9, Section II.;

- Abdul's requests for damages against the FDC for violating the First Amendment, because such relief is barred by sovereign immunity, Doc. 59 at 9-10, Section III;

- Abdul's request for compensatory damages against any Defendant in his individual capacity, because such damages are barred by 42 U.S.C. § 1997e(e), Doc. 59 at 11-12, Section IV;

- Abdul's request for punitive damages against any Defendant in his individual capacity, because such damages are barred by 18 U.S.C. § 3626(a)(1)(A), Doc. 59 at 12-20, Section V; and

- Abdul's request for nominal damages in excess of $1.00 against any Defendant in his individual capacity, because nominal damages generally do not exceed $1.00, Doc. 59 at 20-21, Section VI.

Defendants do *not* seek dismissal of Abdul's official-capacity claim against Dixon under RLUIPA for injunctive relief based on Abdul's allegation that the FDC's grooming policy substantially burdens the tenet of Abdul's religion that requires him to grow a fist-length beard. Doc. 59.

C. **Abdul's Response to the Partial Motion to Dismiss**

Abdul filed a response to Defendants' motion, but his response argues a single issue—the one claim Defendants *do not* seek to dismiss. Doc. 67. Abdul maintains that he states a plausible claim under RLUIPA

for injunctive relief against the FDC Secretary in his official capacity because the FDC's grooming policy substantially burdens his religious exercise. Doc. 67 at 1-2. Abdul asserts that he is entitled to an injunction against the FDC Secretary in his official capacity that allows him to grow a fist-length beard. *Id*. at 2. Abdul's response does not address, much less oppose, any of the issues raised in Defendants' partial motion to dismiss.

**D.    The Undersigned's Order to Respond**

On March 28, 2024, the undersigned set forth the parties' positions as stated above, including Abdul's failure to oppose any argument raised in Defendants' motion to dismiss. Doc. 68. The undersigned ordered the parties to confirm, by April 18, 2024, whether the undersigned's statement of their respective positions was correct. Specifically as to Abdul, the order required:

> 1.    On or before **APRIL 18, 2024**, Plaintiff shall file a response to this Order. Plaintiff's response shall:
>
>    a.    confirm that the undersigned's statement of Plaintiff's position in Section III above is correct; **OR**
>
>    b.    identify each statement in Section III that is incorrect and clarify Plaintiff's position. In addition, if Plaintiff did not intend to abandon a particular claim or request for relief that the undersigned identified as

> seemingly abandoned, Plaintiff must include a memorandum opposing that particular section of Defendants' motion to dismiss. . . .

Doc. 68 at 7-8.

In response, Defendants confirmed that the undersigned accurately stated their grounds for dismissal. Doc. 69. Abdul, however, has not complied with the undersigned's order despite two extensions of time. Docs. 70-73. Abdul's compliance deadline expired on May 28, 2024. Doc. 73.

## II. DISCUSSION

"A district court has discretion to adopt local rules." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (citing *Frazier v. Heebe*, 482 U.S. 641, 645 (1987), *in turn citing* 28 U.S.C. § 2071 and Fed. Rule Civ. Proc. 83). Such local rules have the force of law. *See Hollingsworth*, 558 U.S. at 191; *Weil v. Neary*, 278 U.S. 160, 169 (1929) ("[A] rule of court thus authorized and made has the force of law.").

Local Rule 7.1(E) provides that a party who opposes a motion must file a memorandum in opposition. N.D. Fla. Loc. R. 7.1(E). The failure to do so is alone a sufficient ground to grant the motion. *See* N.D. Fla. Loc.

Page 7 of 12

R. 7.1(H) ("The Court may grant a motion by default if an opposing party does not file a memorandum as required by this rule.").

Additionally, Local Rule 41.1 authorizes the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order." N.D. Fla. Loc. R. 41.1. This Local Rule is consistent with Federal Rule of Civil Procedure 41(b), and embodies the court's inherent authority to dismiss a complaint *sua sponte* when the plaintiff fails to comply with a court rule of procedure or a court order. *See* Fed. R. Civ. P. 41(b); *see also Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." (citations omitted)); *Helt v. Palm Beach Cnty. Sheriff's Off.*, 387 F. App'x 938, 939 (11th Cir. 2010) ("A district court has the authority to dismiss a complaint for failure to comply with a court order or the federal rules."); *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (recognizing that a district court may act under Rule 41(b) or under its inherent authority to enforce its own orders). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned,

generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Abdul's response to Defendants' motion to dismiss does not oppose the dismissal of Abdul's individual-capacity claims against Inch and Hunter, or Abdul's official-capacity claim against Dixon alleging a First-Amendment violation. Additionally, Abdul has failed to comply with the undersigned's order of March 28, 2024, despite Plaintiff being afforded ample time to do so. The undersigned, therefore, recommends that the following claims be dismissed without prejudice for Abdul's failure to comply with Local Rule 7.1, and failure to comply with the undersigned's order:

(1) Abdul's individual-capacity claims against Defendants Inch and Hunter; and

(2) Abdul's official-capacity claim against Dixon alleging that the FDC's grooming policy violates the First Amendment.[1]

---

[1] The undersigned does not recommend a dismissal based on abandonment. *See Boyd v. Peet*, 249 F. App'x 155, 157 (11th Cir. 2007).

A dismissal without prejudice will not preclude Abdul from re-filing the dismissed claims in a new civil action if he later decides to pursue them.[2]

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Defendants' motion to dismiss, Doc. 59, be **GRANTED** based on Plaintiff's failure to comply with Local Rule 7.1 and the undersigned's order of March 28, 2024. *See* N.D. Fla. Loc. R. 41.1; *Foudy*, 845 F.3d at 1126.

2. The District Court **DISMISS without prejudice** the following claims:

    a. Plaintiff's individual-capacity claims against Defendants Hunter and Inch alleging violations of RLUIPA and the First Amendment, and

---

[2] The "shaving incident" that was the subject of Abdul's individual-capacity claims against Hunter and Inch occurred on September 23, 2020. *See* Doc. 1 at 4. Thus the 4-year statute of limitations has not run.

  b. Plaintiff's official-capacity claim against Defendant Dixon alleging violation of the First Amendment.

  3. The District Court **DISMISS with prejudice** Abdul's request for damages against Defendant Dixon in his official capacity. *See Sossamon v. Texas*, 563 U.S. 277, 285-88, 293 (2011) (RLUIPA does not waive States' sovereign immunity from suits for money damages).

  4. This case be returned to the undersigned for further proceedings on Plaintiff's official-capacity claim against Dixon under RLUIPA for injunctive relief based on Plaintiff's allegation that the FDC's grooming policy substantially burdens the tenet of Plaintiff's religion that requires him to grow a fist-length beard.

  At Panama City, Florida, this <u>14th</u> day of June, 2024.

         /s/ *Michael J. Frank*
         **Michael J. Frank**
         **United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within**

**fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**