UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JABBAAR M. ABDUL,

    Plaintiff,

v.                              Case No.  4:21-cv-153-MW-MJF

MARK INCH, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY PRELIMINARY INJUNCTIVE RELIEF

Plaintiff Jabbaar M. Abdul, a prisoner proceeding *pro se*, has filed a motion for a temporary restraining order and preliminary injunction. Doc. 3. Defendants oppose the motion. Docs. 60, 74. The undersigned recommends that Abdul's motion be denied.

### I.  BACKGROUND AND PROCEDURAL HISTORY

Abdul, a practicing Muslim, is an inmate of the Florida Department of Corrections ("FDC"). Abdul initiated this action on April 1, 2021. Doc. 1. Abdul's complaint alleges that in September 2020, a prison official at the Franklin Correctional Institution (Captain Hunter) violated the FDC's grooming policy and Abdul's rights under the First Amendment

and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc *et seq.* ("RLUIPA"), by requiring Abdul to shave his beard to one-eighth-inch. Abdul's complaint alleges, separately, that the FDC's grooming policy, Fla. Admin. Code r. 33-602.101(4), violates his rights under the First Amendment and RLUIPA because it limits the length of his beard to one-half of one inch. Doc. 1.

Abdul's complaint was accompanied by the motion for temporary restraining order and preliminary injunction ("Motion for TRO"). Doc. 3. The Motion for TRO seeks the following relief: "a temporary restraining order requiring the Defendant's [sic] to immediately cease ordering plaintiff to shave his beard below fist length and or a preliminary injunction requiring the same until the outcome of a trial by jury." Doc. 3 ¶ 8. Defendants oppose the motion. Docs. 60, 74. They contend that Abdul has failed to establish the two most critical factors for obtaining preliminary injunctive relief: a substantial likelihood of success on the merits, and irreparable injury.

## II. DISCUSSION

The four prerequisites for preliminary injunctive relief are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of

irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and (4) granting the injunction would not be adverse to the public interest. A movant's failure to "show any of the four factors is fatal" to his motion for injunctive relief. *Am. Civ. Liberties Union of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009).

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Swain v. Junior*, 961 F.3d 1276, 1284 (11th Cir. 2020). "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Robinson v. Att'y Gen.*, 957 F.3d 1171, 1178-79 (11th Cir. 2020). "Mandatory preliminary relief," as Abdul seeks here, "goes well beyond simply maintaining the status quo[,] is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Powers v. Sec'y, Fla. Dep't of Corr.*, 691 F. App'x 581, 583 (11th Cir. 2017) (internal quotation marks omitted) (citation omitted).

The irreparable-injury factor "'is the sine qua non of injunctive relief.'" *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting *Northeastern Fla. Chapter of the Ass'n of Gen Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990)). In *Wreal, LLC v. Amazon.com. Inc.*, 840 F.3d 1244 (11th Cir. 2016), the Eleventh Circuit explained:

> A delay in seeking a preliminary injunction of even only a few months—though not necessarily fatal—militates against a finding of irreparable harm. A preliminary injunction requires showing "imminent" irreparable harm. Indeed, the very idea of a preliminary injunction is premised on the need for speedy and urgent action to protect a plaintiff's rights before a case can be resolved on its merits. For this reason, our sister circuits and district courts within this Circuit and elsewhere have found that a party's failure to act with speed or urgency in moving for a preliminary injunction necessarily undermines a finding of irreparable harm.

*Id.* at 1248 (citations omitted). "[T]wo time periods are relevant in determining whether a plaintiff acts promptly in seeking [injunctive] relief: (1) a plaintiff cannot delay in filing a complaint after discovering a potential infringer, and (2) a plaintiff must move quickly in filing a motion for a preliminary injunction once a complaint has been filed. If either is unreasonably delayed, a finding of irreparable harm is significantly weakened." *Bethune-Cookman, Univ., Inc. v. Dr. Mary*

*McLeod Bethune Nat'l Alumni Ass'n, Inc.*, No. 6:22cv47–WWB/DAB, 2022 WL 18107602, at *2 (M.D. Fla. Nov. 22, 2022) (internal quotation marks and citation omitted).

Abdul maintains that he "is suffering irreparable harm in the form of continued attacks on his ability to maintain compliance with his sincere Islamic beliefs and Islamic law that mandates a fist length beard and trimming down the mustache." Doc. 3 ¶ 7. Defendants argue that Abdul has not established irreparable harm. They point out that Abdul has been practicing Islam since at least 2017, yet he waited until April 2021 to file a complaint challenging the FDC's grooming policy limiting the length of his beard to one-half-inch. Docs. 60, 74.

A. **Abdul Is Not Entitled to Preliminary Injunctive Relief from the FDC's Beard-Grooming Policy**

It is undisputed that Abdul entered the FDC's custody on April 11, 2016, and that on or about June 29, 2017 he changed his religious faith preference from Nation of Islam to Muslim. Doc. 60-1, Ex. A; Doc. 60-2, Ex. B; *see also* Doc. 1 at 4, 5. In 2017, and now, the FDC's grooming policy limited inmates' beards to one-half of one inch. Fla. Admin. Code r. 33-602.101(4). Consistent with the FDC's grooming policy, Abdul was not—

and has not been—permitted to grow a fist-length beard for a number of years. Doc. 3. Abdul has not explained why he waited until April 2021 to challenge the FDC's beard-length rule.

Given Abdul's almost 4-year delay in seeking injunctive relief from the FDC's beard-grooming policy, Abdul has not demonstrated the irreparable-injury prerequisite for obtaining preliminary injunctive relief. *See, e.g., Benisek v. Lamone*, 585 U.S. 155, 159 (2018) ("a party requesting a preliminary injunction must generally show reasonable diligence"); *Powers*, 691 F. App'x at 583 (finding that plaintiff's "apparent (i.e., unexplained) delay in seeking relief undercut the claim of imminent injury"). This conclusion is consistent with recent federal district court decisions in this Circuit. *See, e.g., Smith v. Dixon*, No. 4:22cv373-WS/MAF (N.D. Fla. Apr. 5, 2024) (prisoner-plaintiff failed to satisfy irreparable-injury requirement because he waited 12 years after identifying as an Orthodox Jew—and 3 years after the 2019 decision in *Sims v. Inch*, 400 F. Supp. 3d 1272 (N.D. Fla. 2019), before challenging the FDC's beard-grooming policy) (copy at Doc. 74, Ex. B); *McWilliams v. Dixon*, No. 24-80055-CIV-CANNON, 2024 WL 2194664 (S.D. Fla. Apr. 22, 2024) (same where prisoner-plaintiff became a practicing Muslim in

2014 and had been subjected to FDC's one-half-inch beard-grooming policy since 2016, but waited until January 2024 to file his complaint challenging the policy) (copy at Doc. 74, Ex. A).

B. **Abdul Is Not Entitled to Preliminary Injunctive Relief from Alleged Misconduct at Franklin CI**

To the extent Abdul seeks preliminary injunctive relief from the more specific conduct at Franklin CI, that is, requiring Abdul to shave his beard to *below* one-half inch *in violation of* the FDC's grooming policy, his request has been mooted by his transfer to a different FDC facility. *See* Doc. 72 (Pl.'s Notice of Address Change); *see also Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985); *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985).[1]

### III.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that: Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction, Doc. 3, be **DENIED**.

---

[1] Abdul's transfer from Franklin CI also means that he cannot satisfy the irreparable-injury requirement for enjoining staff at that facility from requiring him to shave his beard to shorter than one-half of one inch.

At Panama City, Florida, this <u>17th</u> day of June, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**