# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

JABBAAR M. ABDUL,

    Plaintiff,

v.                                     Case No. 4:21-cv-153-MW-MJF

RICKY D. DIXON,

    Defendant.

_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S RULE 60 MOTION

The undersigned recommends that the District Court deny Plaintiff's filing titled, "Independent Action Fed. R. Civ. P. 60." Doc. 96.

### I.  BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Jabbaar M. Abdul is an inmate of the Florida Department of Corrections ("FDC"). Abdul initiated this civil rights action on April 1, 2021. Doc. 1. Abdul's complaint alleged that in September 2020, a prison official at the Franklin Correctional Institution (Captain Hunter) violated the FDC's grooming policy and Abdul's rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc *et seq.* ("RLUIPA"), by requiring Abdul,

who is Muslim, to shave his beard to one-eighth-inch. Abdul's complaint alleged, separately, that the FDC's grooming policy, Fla. Admin. Code r. 33-602.101(4), violates his rights under the First Amendment and RLUIPA because it limits the length of his beard to one-half-inch. Doc. 1.

On July 16, 2024, the District Court dismissed Abdul's individual-capacity claims against Hunter and former FDC Secretary Mark Inch. Doc. 77. The District Court also dismissed Abdul's official-capacity First-Amendment claim against current FDC Secretary Dixon, as well as Abdul's official-capacity damages claim. *Id*. The District Court did not direct the entry of a final judgment.

The case was returned to the undersigned for further proceedings on Abdul's official-capacity claim against Secretary Dixon under RLUIPA for injunctive relief based on Abdul's allegation that the FDC's grooming policy substantially burdens the tenet of Abdul's religion that requires him to grow a fist-length beard. Docs. 77, 78.

Dixon filed a motion for summary judgment on January 17, 2025. Doc. 92. On January 28, 2025, the undersigned ordered Abdul to respond by February 27, 2025. Doc. 94.

Abdul then filed his document titled "Independent Action Fed. R. Civ. P. 60." Doc. 96. The document has this case number on it, as well as the case number of Abdul's underlying criminal case: Miami-Dade County Circuit Court Case No. F14-4843. Doc. 96. Abdul asks this court "to vacate judgment and VOP proceeding in Case F14-4843." *Id*. at 1. Abdul argues that such relief is authorized by Rule 60(d) of the Federal Rules of Civil Procedure. Doc. 96 at 1. Abdul has attached documents from his state-court criminal case and federal habeas proceeding. Doc. 96-1.

## II.   THE STANDARD FOR RULE 60 RELIEF

Rule 60 of the Federal Rules of Civil Procedure provides for relief from a judgment or order in a civil case on various grounds. Fed. R. Civ. P. 60(b). In addition, Rule 60(d) states:

> **(d) Other Powers to Grant Relief.** This rule does not limit a court's power to:
>
> (1)  entertain an independent action to relieve a party from a judgment, order, or proceeding;
>
> (2)  grant relief under 28 U.S.C. 1655 to a defendant who was not personally notified of the action; or

>  (3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d).

## III. DISCUSSION

**A. <u>Abdul Has Not Identified an Order or Judgment in This Action That Warrants Relief Under Rule 60(b)</u>**

To the extent Abdul seeks relief in this civil action, his motion must be denied without prejudice. As the undersigned noted in denying Abdul's prior, identical motion filed on January 16, 2025, Abdul has not identified any final judgment or order issued *in this proceeding* from which he seeks relief. *See* Docs. 88, 91.

To the extent Abdul alleges that the Defendants "have failed to answer or otherwise defend as to Plaintiff's complaint," Doc. 96 at 2, the record refutes his assertion. Defendants Hunter, Inch and Dixon have appeared in this action and defended against Abdul's claims. Docs. 13, 59, 66, 69, 81, 92. Dixon's motion for summary judgment is pending. Doc. 92.

Because Abdul has not identified any basis for relief from any order entered in this civil case, and no final judgment has been entered, Abdul's motion for relief under Rule 60(b) must be denied.

B. **This District Court Lacks Jurisdiction to Relieve Abdul From, or to Set Aside, the Judgment in Abdul's Federal Habeas Case and State-Court Criminal Case**

Abdul seeks to use Rule 60(d) to vacate his state-court criminal judgment in Miami-Dade County Circuit Court Case No. F14-4843, based on fraud. Doc. 96 at 1. This District Court lacks jurisdiction to grant that relief.

Abdul's attachments demonstrate that Abdul challenged his state-court judgment in a habeas corpus petition filed under 28 U.S.C. § 2254 in the United States District Court for the Southern District of Florida. The Southern District denied the petition on June 13, 2024. *See* Doc. 96-1, Ex. M; *see also Abdul v. Conner*, No. 1:24-cv-21068-ALTMAN, 2024 WL 2976752 (S.D. Fla. June 13, 2024).

To the extent Abdul alleges a defect in the integrity of the § 2254 proceeding in the Southern District, he must apply for Rule 60(b) relief in the Southern District. *See, e.g., Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). In fact, Abdul *has* sought Rule 60 relief in his habeas case in the Southern District. *See Abdul v. Conner*, No. 1:24-cv-21068, Doc. 24

(S.D. Fla. Nov. 4, 2024) (Motion).[1] The Southern District denied Abdul's motion. *See* No. 1:24-cv-21068, Doc. 25 (S.D. Fla. Nov. 7, 2024).

To the extent Abdul seeks leave to file an "independent action" challenging his state-court criminal judgment, Abdul's filing is effectively a second or successive habeas corpus application. *See Gonzalez*, 545 U.S. at 531-32. Abdul must obtain permission from the Eleventh Circuit *before* filing such an application or action in the district court. *See* 28 U.S.C. § 2244(b)(3), (4); *Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007).[2]

## IV. CONCLUSION

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DENY without prejudice** Plaintiff's "Independent Action Fed. R. Civ. P. 60," Doc. 96, to the extent Plaintiff seeks relief in this civil-rights case.

---

[1] The undersigned takes judicial notice of this fact. *See* Fed. R. Evid. 201.
[2] Abdul is aware of this. On October 17, 2024, he filed an "Independent Action" under Rule 60(b) and (d) in the Southern District, seeking relief from his state-court criminal judgment. *See Abdul v. State of Florida*, No. 1:24-cv-24013-AHS, Doc. 1 (S.D. Fla. Oct. 17, 2024). The Southern District dismissed Abdul's filing for lack of jurisdiction, because it was an unauthorized second or successive habeas corpus application. *See* No. 1:24-cv-24013, Doc. 5 (S.D. Fla. Nov. 27, 2024).

2. **DISMISS** for lack of jurisdiction Plaintiff's "Independent Action Fed. R. Civ. P. 60," Doc. 96, to the extent Plaintiff seeks relief from his state-court criminal judgment.

At Panama City, Florida, this 11th day of February, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**